# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3284 CAS (MANx); consolidated with CV 10-3259 CAS (MANx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION OF HEALTH FACILITIES v. DAVID MAXWELL-JOLLY; ET AL.; AND DEVELOPMENTAL SERVICES NETWORK; ET AL. v. DAVID MAXWELL-JOLLY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) DEFENDANT'S EX PARTE APPLICATION FOR STAY OF THE CASE PROCEEDINGS (filed 6/22/10)

## I.     INTRODUCTION & BACKGROUND

On April 30, 2010, plaintiffs Developmental Services Network and United Cerebral Palsy/Spastic Children's Foundation of Los Angeles and Ventura Counties, in CV 10-3284 CAS (MANx), and California Association of Health Facilities, in CV 10-3259 CAS (RZx), filed the instant actions against David Maxwell-Jolly, Director of the California Department of Health Care Services (the "Director") and the California Department of Health Care Services (the "Department").[1]  The Department is a California agency charged with the administration of California's Medicaid program, Medi-Cal. Plaintiffs are entities that represents certain Medi-Cal providers, specifically intermediate care facilities for the developmentally disabled and the mentally retarded (respectively, "ICF/DD facilities" and "ICF/MR facilities"), and freestanding pediatric subacute facilities ("FSP facilities").

On July 28, 2009, California Governor Arnold Schwarzenegger signed into law Assembly Bill X4 5 ("AB 5"), the budget trailer bill for California fiscal year 2009-2010. AB 5 amends Cal. Welf. & Inst. Code § 14105.191, in part, and effectively "freezes" the

---

[1] On June 15, 2010, the Court ordered the two matters consolidated for all purposes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3284 CAS (MANx); consolidated with CV 10-3259 CAS (MANx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION OF HEALTH FACILITIES v. DAVID MAXWELL-JOLLY; ET AL.; AND DEVELOPMENTAL SERVICES NETWORK; ET AL. v. DAVID MAXWELL-JOLLY; ET AL. | | |

Medi-Cal reimbursement rates for certain designated services rendered during the 2009-2010 rate year and each rate year thereafter" at 2008-2009 levels.  Cal. Welf. & Inst. Code § 14105.191(f).  Among the designated services, are services provided by ICF/DD facilities, ICF/MR facilities, and FSP facilities.  In the instant actions, plaintiffs seek to enjoin implementation or enforcement of these rate freezes, codified at Cal. Welf. & Inst. Code § 14105.191 on the grounds, among others, that these rate provisions violate 42 U.S.C. § 1396a(30)(A) of the Medicaid Act and are thus preempted under the Supremacy Clause.

On June 22, 2010, defendant filed the instant ex parte application for stay of the case proceedings in the instant consolidated matters.  On June 24, 2010, plaintiffs filed their opposition.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court.  See Landis v. North American Co., 299 U.S. 248, 254 (1936).  Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  However, case management concerns alone are not necessarily a sufficient ground to stay proceedings.  See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Id. (quoting Landis, 299 U.S. at 255).  Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

## III.   DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3284 CAS (MANx); consolidated with CV 10-3259 CAS (MANx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION OF HEALTH FACILITIES v. DAVID MAXWELL-JOLLY; ET AL.; AND DEVELOPMENTAL SERVICES NETWORK; ET AL. v. DAVID MAXWELL-JOLLY; ET AL. | | |

For the same reasons the Court found that good cause exists to stay the related matter of Independent Living Center of Southern California, et al. v. Sandra Shewry, Case No. 08-3315 CAS (MANx) ("Independent Living"), recent events justify an immediate stay of the instant consolidated matters pending resolution of defendant's petitions for certiorari in Independent Living and California Pharmacists, Ass'n v. David Maxwell-Jolly, Case No. 09-8200 ("Cal. Pharmacists"). First, on May 24, 2010, the Supreme Court invited the Solicitor General to file a brief in Independent Living. In addition, the Ninth Circuit stayed the appellate proceedings in the related matter of California Hospital Assoc. v. David Maxwell-Jolly, Case. No. 09-8642 CAS ("CHA"), in light of the pending petitions for certiorari in Independent Living and Cal. Pharmacists. The CHA plaintiffs challenge the same rate freeze enacted by AB 5, and codified at Cal. Welf. & Inst. Code § 14105.191(f), which is at issue in the instant matters.

Accordingly, the Court GRANTS defendant's ex parte application and hereby orders the instant consolidated matters stayed. Within 45 days from the date of this order, or upon the disposition of the petitions for certiorari, whichever occurs first, the parties shall file a joint status report.

Plaintiffs' motions for preliminary injunction, filed May 10 and 11, 2010, and defendant's motion to dismiss, filed May 31, 2010, are hereby taken off calendar and the hearing set for June 28, 2010, is hereby vacated pending further order of this Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |